**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL WILLIAMS,<br><br>                 Claimant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Civil Action No.: 2:13-cv-2618 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

### I.     INTRODUCTION

Before the Court is Claimant Cheryl Williams's ("Claimant") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). For the reasons set forth below, this Court affirms the Commissioner's decision.

### II.     BACKGROUND

#### A.     Procedural Background

Claimant applied for DIB on September 4, 2008, alleging disability due to Hepatitis C, severe fatigue, a herniated cervical disk, hypertension, and diabetes. [T.62.] She sought DIB covering the onset of her disability through December 31, 2004, her date last insured. [T. 187.] On July 20, 2010, a hearing was held before ALJ Michal Lissek. [T. 57-74.] On December 14, 2010, a second hearing was held before the ALJ, at which medical expert Dr. Martin A. Fechner and vocational expert ("VE") Dr. Steven Feinstein testified. [T. 40-56.] On June 14, 2011, Dr. Feinstein again testified before the ALJ. [T. 24-39.] On July 14, 2011, the ALJ issued a decision

finding Claimant was not disabled under the SSA. [T. 11-18.] Claimant requested review by the Appeals Council, which the Appeals Council denied on February 19, 2013. [T.1-3, 7.] On April 24, 2013, Claimant instituted this action. ECF No. 1.

### B. Factual Background

Claimant was born on November 29, 1952. She completed the twelfth grade in regular education courses. From 1985 through 1991, Claimant worked as an accountant in a supermarket. From 1992 through 1999, she worked as a customer service agent for a major airline. [T. 202-204]. Claimant states she has been unable to work since the onset of her disability on December 16, 1999.

Claimant developed hypertension in 1997. [T. 628.] On August 28, 2000, Claimant was diagnosed with degenerative disc disease. [T. 656]. A May 11, 2001 routine examination confirmed this diagnosis. [T. 655.] Additionally, on that same date, Claimant complained of tingling in the left arm. Id. Approximately three months later, on August 28, 2000, Claimant further complained of pain and mild weakness in the left hand and arm that had persisted for seven to eight months. [T. 656, 794.]

In or around early 2002, Claimant was diagnosed with Hepatitis C. [T. 784.] A liver biopsy performed on June 12, 2002 confirmed this diagnosis. [T. 623, 645.] At that time, Claimant was asymptomatic but reported feeling tired. [T. 649, 702.] Claimant was prescribed ribaveron or interferon to treat her Hepatitis C in or around 2002 but Claimant declined to continue the full course of treatment because she experienced negative side effects. [T. 47-48.]

### III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. Chandler v. Comm'r Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler, 667 F.3d at 359 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Daniels v. Astrue, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Com'r of Soc. Sec., 244 Fed. App'x 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a claimant must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

3

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the claimant's age, education, and work experience, disability will be evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a claimant is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in gainful activity. Sykes, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the claimant has an impairment that limits her ability to work. Id. Third, if she has such an impairment, the ALJ considers the

medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. Id. at 263. Fourth, the ALJ must consider whether the claimant's RFC is enough to perform her past relevant work. Id. Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy the claimant can perform. Id. The evaluation continues through each step unless it is determined at any point the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 263 n.2.

## IV.   DISCUSSION

### A.   Summary of the ALJ's Findings

At step one, the ALJ found Claimant had not engaged in substantial gainful activity since December 16, 1999, the onset date of the alleged disability, through her date last insured. [T.13.] At step two, the ALJ found Claimant had the following severe impairments during the relevant period: Hepatitis C, hypertension, diabetes mellitus, and parasthesia of the left arm and hand. Id. Nevertheless, at the third step, the ALJ determined Claimant's impairments were not severe enough to meet any of the impairments in the Listings. [T. 13-14]. The ALJ determined Claimant retained the RFC to perform light work as defined at 20 C.F.R. § 404.1567(b), except she can never work around unprotected heights or moving mechanical parts. The ALJ found Claimant could frequently balance, stoop, reach, operate foot pedals and motor vehicles, and work in humid

or wet conditions. The ALJ further found she could occasionally kneel, crouch, crawl, work around extreme temperatures or vibrations, and climb stairs, ramps, ladders, and scaffolds. [T.14.]

In making this determination, the ALJ considered medical evidence indicating Claimant's diabetes and hypertension were well controlled on medications and Claimant apparently did not attend scheduled consultations for the treatment of her Hepatitis C. [T. 15.] The ALJ further noted Claimant frequently reported to her treating physician that she had no complaints, although she did report feeling fatigued and stressed because she was responsible for the care of four relatives. [T. 15.]

The ALJ also concluded Claimant's statements regarding her impairments and inability to work were "not entirely credible in light of discrepancies between [her] assertions and information contained in the documentary reports." [T. 16.] Specifically, the ALJ noted the overall record did not support Claimant's assertions of debilitating pain or inability to perform light work. [T. 16.] The ALJ noted the absence of "radiographic or clinical findings [that] would . . . support the degree of inability alleged. Every physical examination reflect[ed] full motor strength of both the upper and lower extremities . . . ." [T. 16.] The ALJ further noted Claimant managed pain with over-the-counter medications and was able to care for herself as well as four chronically ill family members. [T.16.]

At step four, the ALJ determined Claimant could perform her previous work as a cargo agent. [T.17.] The ALJ based this determination on the VE's finding Claimant could perform her previous work as actually performed. [T. 17.] The ALJ proceeded to step five and found Claimant could also perform other work existing in significant numbers in the national economy. [T.17-18.] The ALJ emphasized the VE had testified that an individual with Claimant's age, education, work

experience, and RFC during the relevant period would have been able to perform a range of occupations. [T. 18.]

### B.  Analysis

Claimant makes the following arguments in support of her contention the ALJ's decision should be reversed: (1) the ALJ's step three finding was not supported by substantial evidence because the ALJ did not evaluate Claimant's subjective complaints; (2) the ALJ's step three finding was also not supported by substantial evidence because the ALJ failed to develop and evaluate the record regarding Claimant's alleged mental impairment; and (3) the ALJ's step five finding was not supported by substantial evidence because the hypothetical questions the ALJ presented to the VE did not fully account for Claimant's limitations. [Pl. Br. at 7-17.]

### 1.  The ALJ's Step Three Finding as to Claimant's Subjective Complaints

Claimant first argues the ALJ's step three finding was not supported by substantial evidence because the ALJ improperly discounted her subjective testimony regarding her pain. Specifically, Claimant asserts the ALJ failed to analyze Claimant's subjective complaints in light of the "objective evidence of [her] pain . . . and . . . [the] medically documented impairments which could reasonably have caused the symptoms of which she complained." [Pl. Br. at 9-10.] Claimant further contends the ALJ failed to provide specific reasons for disregarding Claimant's subjective complaints. Id. at 11.

A claimant's allegations, standing alone, will not establish she is disabled. See 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."). When evaluating credibility, the ALJ must consider the extent to which the

claimant's self-reported symptoms can "reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. The claimant's treatment history and daily activities are relevant factors in assessing credibility. Id. § 404.1529(c)(3).

The ALJ, as the factfinder, determines whether the claimant's subjective complaints are consistent with the objective medical evidence and, if not, the ALJ may discount them. Id. § 404.1529(c)(4). Where the ALJ "has articulated reasons supporting a credibility determination," and substantial evidence supports the ALJ's findings, that determination will be entitled to "great deference." See Horodenski v. Comm'r of Soc. Sec., 215 Fed. App'x 183, 188-89 (3d Cir. 2007) (quoting Atl. Limousine. Inc. v. NLRB, 243 F.3d 711, 718 (3d Cir. 2001)) (internal quotation marks omitted); Vancord v. Colvin, No. 13-27, 2014 WL 585413, at *2 (W.D. Pa. Feb. 14, 2014) ("[U]nder a deferential substantial evidence standard of review, it is particularly inappropriate to second guess such credibility determinations.").

Here, the ALJ considered Claimant's subjective complaints, sufficiently articulated why she found Claimant's statements to be only partially credible, and provided specific and coherent reasons for discounting Claimant's subjective complaints. [T. at 14-18.] As the ALJ explained, the objective medical evidence failed to support "the alleged subjective complaints precluding light work." [T. at 16.] In making this determination, the ALJ considered Claimant's medical records, as well as medical expert Dr. Fechner's report concluding Claimant could perform light work. [T. 15-16.] The ALJ further noted that Claimant's medical history indicated Claimant consistently had "full motor strength in both the upper and lower extremities bilaterally," and did not require "potent pain medications" for her allegedly severe pain. [T. 16.] Additionally, although Claimant complained of pain and tingling in the left arm for several months in 2000, [T.

794], she denied any pain in her arm and neck during subsequent visits from 2000 through 2002. [T. 764, 787, 792.] During that period, Claimant also denied experiencing symptoms of depression. [T. 788, 790, 793.]

The ALJ further noted Claimant's activities were inconsistent with her subjective complaints. [T. 15, 17.] The ALJ described Claimant as generally independent in her daily activities—she attends to her own personal needs as well as those of four chronically ill family members, prepares meals, performs household chores, drives, goes food shopping, plays with her grandchildren, and goes out daily. [T. 16-17, 213-27.] Thus, the ALJ identified sufficient evidentiary support for her conclusion that Claimant's subjective complaints were not entirely credible and, accordingly, this Court will defer to the ALJ's credibility finding. See Bieber v. Dep't of Army, 287 F.3d 1358, 1365 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal." (citing Pope v. U.S. Postal Serv., 114 F.3d 1144, 1149 (Fed. Cir. 1997))).

### 2. The ALJ's Step Three Finding as to Claimant's Alleged Mental Impairment

Claimant next contends the ALJ failed to fully develop the record because she did not obtain a psychological or psychiatric evaluation. [Pl. Br. at 12.] Claimant argues that because "the objective evidence and [Claimant's] testimony support the presence of a mental impairment," the ALJ was required to further develop the record regarding Claimant's mental condition. [Pl. Br. at 12-13.]

"[W]hen the record contains evidence of a mental impairment, the [ALJ] cannot determine that the claimant is not under a disability without first making every reasonable effort to ensure

9

that a qualified psychiatrist . . . has completed the medical portion of the case review and any applicable residual functional capacity assessment." Plummer v. Apfel, 186 F.3d 422, 433 (3d Cir. 1999) (citation and internal quotation marks omitted).

Here, the record contained two mental health evaluations. First, Claimant underwent a psychiatric consultative evaluation by Dr. Roy in March 2009. [T. 811-14.] Claimant stated she felt depressed, but by her own estimation, her depression began in or around 2008, over three years after her date last insured. [T. 811.] Second, State agency consultant Dr. Bansil reviewed the record and found no evidence of mental impairment prior to 2007, over two years after Claimant's date last insured. [T. 835.] Therefore, contrary to Claimant's contentions, the record did contain the opinion of two qualified mental health professionals. Neither of these mental health professional concluded that Claimant had a mental impairment during the relevant period. Moreover, Claimant does not point to any medical evidence in the record showing she was mentally impaired prior to her date last insured. Accordingly, the ALJ satisfied her obligation to obtain evidence concerning Claimant's mental health and there was substantial evidence supporting the ALJ's determination Claimant was not mentally disabled during the relevant period.

### 3. The ALJ's Step Five Findings

Third, Claimant contends the ALJ's finding was not supported by substantial evidence because the hypothetical she posed to the VE did not include Claimant's subjective complaints. [Pl. Br. at 13-17.] The ALJ "must accurately convey to the [VE] all of a claimant's *credibly established limitations*." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (citation omitted). Credibly established limitations are those "that are medically supported and otherwise uncontroverted in the record." Id. "Limitations that are medically supported but are also

contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing evidence but cannot reject evidence for no reason or for the wrong reason." Id. (citations and internal quotation marks omitted). Accordingly, an ALJ should not "reject a claimed symptom that is . . . consistent with the medical record simply because there is no objective medical evidence to support it." Id.

As discussed above, substantial evidence supported the ALJ's decision not to credit all of Claimant's subjective complaints because Claimant's medical records and self-reported activities did not support, and in some instances contradicted, her subjective complaints. Therefore, the ALJ properly found Claimant's subjective complaints were not credibly established limitations and did not include them in the hypotheticals presented to the VE.

## V.     CONCLUSION

For the foregoing reasons, the Court will affirm the ALJ's decision. An appropriate order accompanies this Opinion.

DATED: January 25, 2016

_____
CLAIRE C. CECCHI, U.S.D.J.